1  ALEX G. TSE (CABN 152348)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  HELEN L. GILBERT (NYBN 4736336)
   Assistant United States Attorneys
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7021
7      FAX: (415) 436-7234
       helen.gilbert@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 18-0394 JST |
| Plaintiff, | ) STIPULATION AND [PROPOSED] |
| v. | ) PROTECTIVE ORDER RE: DISCOVERY |
| TEMARCUS ROGERS, | ) |
| Defendant. | ) |

The government and the defendant in the above-captioned matter, by and through their counsel, hereby stipulate and request that the Court enter the following Protective Order governing the production of discovery in this action. The parties agree that this Protective Order applies to discovery deemed Confidential and subject to Protective Order produced prior to and after the date the Court signs the Protective Order. Finally, the parties agree that this Protective Order does not enlarge or alter their respective obligations under Federal Rule of Criminal Procedure 16.

The defendant is charged with offenses under Title 21, United States Code, Section 841 and Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D). The United States already has started producing documents pertaining to the defendant and the charged offenses to defense counsel. In the near future, the United States anticipates producing additional sensitive discovery including under

seal court filings that contain information concerning areas of investigation that are not yet completed and individuals who have not been charged in a criminal case; documents containing personal identifying information of third parties; and/or recordings that include witnesses, the release of which would jeopardize witnesses' safety (collectively, "Protected Information").

The parties agree that the Court should order that the Protected Information be made available to the attorney for the defendant subject to a protective order limiting the dissemination of this information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that all Protected Information be marked as "Confidential" by the United States when produced to the defense. Defense counsel of record, their investigators, assistants, employees, and independent contractors (collectively, "the defense team") may review with the defendant all discovery material produced by the government. All parties agree that no member of the defense team shall provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, the Protected Information. The government and defense counsel are ordered to, and shall continue to, work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's Order.

Defense counsel also may provide copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense team, and any experts who receive Protected Information under this Protective Order shall be provided a copy of this Protective Order along with those materials and shall initial and date the Protective Order reflecting their agreement to be bound by it. This Protective Order shall also apply to any copies made of any materials covered by this Protective Order.

The materials provided pursuant to this Protective Order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

**IT IS FURTHER ORDERED** that, if a defendant disagrees that material should be Protected Information, counsel for that defendant shall meet and confer with the United States regarding the issue, and the United States may, at its option, de-designate material as Protected Information. If the parties cannot agree on whether material should remain Protected Information, the defendant may file a motion with the Court. Until the Court rules on that motion, all materials designated as Protected Information

shall continue to be treated as Protected Information.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team shall provide any Protected Information to any third party (*i.e.*, any person who is not a member of the defense team or a potential witness in the case) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references or contains or attaches Protected Information subject to this Protective Order, that filing must be under seal.[1]

**IT IS FURTHER ORDERED** that, except as otherwise provided in this Protective Order regarding defendant's review of the Protected Information, Protected Information shall not be provided to defendant. If after the conclusion of the case, defendant is represented by new counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide new counsel with the documents and materials subject to and under the terms of this Protective Order. This stipulation is without prejudice to either party applying to the Court to modify the terms of the Protective Order, with respect to pro se litigation pursuant to 28 U.S.C. § 2255 or otherwise. This Court shall retain jurisdiction to modify this Protective Order upon motion of either party even after the conclusion of district court proceedings in this case.

DATED: September 13, 2018

Respectfully submitted,

ALEX G. TSE
United States Attorney

/s/
HELEN L. GILBERT
Assistant United States Attorneys

/s/
ALAN DRESSLER
Attorney for Temarcus Rogers

---

[1] This Order authorizes such filings under seal, and the parties are not required to seek additional authorization from the Court to do so.

[PROPOSED] PROTECTIVE ORDER
No. CR 18-394 JST                     3

Attestation of Filer

In addition to myself, the other signatory to this document is Alan Dressler. I attest that I have his permission to enter a conformed signature on his behalf and to file the document.

DATED: September 13, 2018

      /s/
HELEN L. GILBERT
Assistant United States Attorney

IT IS SO ORDERED.

DATED: September 13, 2018_____

HONORABLE JON S. TIGAR
United States District Judge